**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                   :
BERNARD JENKINS, JR.,              :
                                   :
            Plaintiff,             :   Civil No. 10-3581 (GEB)
                                   :
       v.                          :
                                   :
CHIEF KELIE, et al.,               :       OPINION
                                   :
            Defendants.            :
_____:
```

**APPEARANCES:**

    BERNARD JENKINS, JR., Plaintiff *pro se*
    #611930/5552740
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**BROWN**, Chief Judge

    Plaintiff, Bernard Jenkins, Jr., a state inmate presently confined at the New Jersey State Prison in Trenton, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

[Stamp: RECEIVED FEB 16 2011 AT 8:30 WILLIAM T. WALSH CLERK]

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice at this time.

## I.   BACKGROUND

Plaintiff, Bernard Jenkins, Jr. ("Jenkins"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Chief Kelie, SCO Impagalizzo, SCO M. Cherry, SCO Mandiera, Administrator Ricci, Administrator Holmes, Administration Molianes, Administration Barnes, Sgt. Hitize, and Lt. Kennedy, all employed at the New Jersey State Prison ("NJSP"), where plaintiff allegations of constitutional deprivation occurred. (Complaint, Caption and ¶¶ 4b, 4c and attachments). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Jenkins alleges that these defendants have kept plaintiff in his cell without letting him out for showers. They allegedly have turned off his water so he can not drink, wash himself, or clean his cell. Jenkins complains that defendants do not let him eat his food, they have thrown away his legal papers and property and will not let him make a legal call. (Compl., ¶ 6).

Jenkins asks to be released from confinement at NJSP as soon as possible. (Compl., ¶ 7).[1]

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United

---

[1] This Court notes that Jenkins has an earlier § 1983 action, Jenkins v. Roaggio, et al., Civil No. 10-2731 (GEB), which is proceeding before this Court. The earlier case brings an Eighth Amendment excessive force claim against several different officers at New Jersey State Prison. In that earlier action, Jenkins seeks exemplary, punitive, compensatory and treble damages in excess of $4 million.

3

States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before

4

the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[2]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

5

>common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

>a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),³ that

---

³ In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can

6

applied to federal complaints before <u>Twombly</u>. <u>Fowler</u>, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [<u>Id</u>.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See <u>Phillips</u>, 515 F.3d at 234-35. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" <u>Iqbal</u>, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

<u>Fowler</u>, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of Plaintiff, even after <u>Iqbal</u>. See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 110-

---

prove no set of facts in support of his claim which would entitle him to relief. <u>Id</u>., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.   ANALYSIS

Plaintiff's Complaint may be construed as alleging unconstitutional conditions of confinement in violation of the Eighth Amendment. "The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are

grossly disproportionate to the severity of the crime warranting imprisonment. Id. at 347. Prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). However, the Constitution "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981).

The Eighth Amendment's cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Id. at 346. "[I]t is well settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer, 511 U.S. at 832. To determine whether the conditions of confinement violate the Eighth Amendment, the courts employ a test that includes objective and subjective elements, both of which must be satisfied by the plaintiff. See Counterman v. Warren County Corr. Facility, 176 Fed. App. 234, 238 (3d Cir. 2006) (citing Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001), quoting, in turn, Farmer, 511 U.S. at 842-46).

A prisoner may satisfy the objective element of a conditions-of-confinement claim, that a deprivation be "sufficiently serious," if he can show that the conditions alleged, either "alone or in combination, . . . deprive him of

the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. at 347-48. Such necessities include: "adequate food, clothing, shelter, sanitation, medical care, and personal safety." <u>Young v. Quinlan</u>, 960 F.2d 351, 364 (3d Cir. 1992).

Here, Jenkins alleges that defendants won't let him out of his cell and that he has been deprived of adequate water, food, showers, medical attention, and recreation[4] for an unspecified period of time. He states that he has filed grievances but no one is helping him.

Therefore, based on the allegations of the Complaint, as set forth by plaintiff, it would appear that Jenkins may be able to support a claim that the conditions of his confinement at NJSP,

---

[4] The denial of exercise or recreation can result in a constitutional violation. "[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'" <u>Peterkin v. Jeffes</u>, 855 F.2d 1021, 1031 (3d Cir. 1988)(*quoting* <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979)); <u>see</u> <u>also</u> <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th Cir. 1996)("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation."); <u>Patterson v. Mintzes</u>, 717 F.2d 284, 289 (6th Cir. 1983); <u>Campbell v. Cauthron</u>, 623 F.2d 503, 506-07 (8th Cir. 1980); <u>Kirby v. Blackledge</u>, 530 F.2d 583, 587 (4th Cir. 1976); <u>Loe v. Wilkinson</u>, 604 F. Supp. 130, 135 (M.D.Pa. 1984). However, the lack of exercise can only rise to a constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened." <u>Spain</u>, 600 F.2d at 199. Thus, a constitutional violation will occur when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated.

In order to demonstrate a deprivation of a constitutional right to recreation, Jenkins must satisfy the Eighth Amendment standard and show deliberate indifference on the part of prison officials. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Here, Jenkins does not allege any tangible physical harm.

have deprived him of the minimal civilized measure of life's necessities as mandated under the Eighth Amendment. Nevertheless, the remedy sought by Jenkins, namely his release from confinement, is not cognizable in a § 1983 action and may only be sought in a habeas action. See Preiser v. Rodriquez, 411 U.S. 475 (1973)(the exclusive federal remedy for an inmate challenging the fact or length/duration of his confinement is a petition for a writ of habeas corpus). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Therefore, the Court is constrained to dismiss this action at this time because Jenkins has failed to state a claim upon which the relief he seeks may be granted. This dismissal, however, is without prejudice to plaintiff submitting an amended Complaint to cure the deficiencies as noted herein. As a pro se litigant, Jenkins may not be aware of the remedies available in a § 1983 action, namely, injunctive relief, declaratory judgment and/or money damages.[5] Accordingly, Jenkins may wish to amend

---

[5] The Court does note that Jenkins has an earlier § 1983 action pending before this Court, Jenkins v. Roaggio, et al., Civil No. 10-2731 (GEB), in which plaintiff expressly sought

his pleading if he seeks relief from this Court other than his release from prison.

## IV. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice, in its entirety as against all named defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted at this time. An appropriate order follows.

_____
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: 2/16/10

---

compensatory, exemplary and punitive damages in an amount exceeding $1 million, as well as declaratory judgment and injunctive relief.